JOEL ARMFIELD

v.

AMANDA HUMPHREY.

1. INSTRUCTIONS.—Where there is strong testimony in support of the defense of accord and satisfaction, it is error for the court in a series of instructions, given for plaintiff, to ignore such defense and the error is not cured by a proper instruction in relation to the alleged accord and satisfaction given for defendant.

2. INSTRUCTIONS.—Where there is evidence tending to show that defendant had endeavored but was unable to procure before suit brought the article agreed upon by the parties as an equivalent for the one lost, and defendant had not repudiated the promise to procure it, it is error to instruct the jury that "if defendant neglected to buy it for the plaintiff, plaintiff would be entitled to recover."

Armfield v. Humphrey.

3. WAREHOUSEMAN—WHERE STORAGE IS THE MAIN THING IN CONTEMPLATION OF PARTIES.—Where storage is the main thing in the contemplation of the parties and the removal of the goods to the warehouse and their return to the bailor in the same city is merely a necessary incident to the storage, the liability is that of a warehouseman and not of a common carrier.

APPEAL from the Circuit Court of Peoria county; the Hon. JOHN BURNS, Judge, presiding. Opinion filed December 28, 1882.

Messrs. QUINN & SHEEN, for appellant; that if the goods were lost while stored, appellant, as a warehouseman, is liable only for negligence, cited 2 Parsons on Contracts, 179; Buckingham v. Fisher, 70 Ill. 122; C. & A. R. R. Co. v. Scott, 42 Ill. 132; Story on Bailments, §§ 27-444.

If the same person is common carrier and warehouseman and goods are received to be forwarded, when so ordered by owner, the liability is that of a warehouseman: St. L. A. & T. H. R. R. Co. v. Montgomery, 39 Ill. 338.

As to accord and satisfaction, McKinley v. Watkins, 13 Ill. 140; Burnsides v. Potts, 23 Ill. 411; F. & M. Ins. Co. v. Chestnut, 50 Ill. 112.

Instructions should be clear, accurate and perspicuous: Volk v. Roche, 70 Ill. 297; C. B. & Q. R. R. Co. v. Van Patten, 64 Ill. 510.

Mr. ISAAC C. EDWARDS, for appellee; that where there is a conflict of evidence and the facts and circumstances justify the inference of the jury, the verdict will not be disturbed, cited Lowry v. Orr, 1 Gilm. 70; McKirchan v. McBean, 45 Ill. 228.

PLEASANTS, J. Appellant was proprietor of a warehouse and followed the business of storing goods and moving them to and from it in the city of Peoria. Appellee had kept a boarding house in said city. Having concluded to give it up, at least for a time, on account of impaired health, she engaged a room elsewhere, and on Oct. 18, 1880, delivered to appellant

or his servants, a portion of her furniture and other goods to be stored at the price of $1 per month until called for, and then to be returned to her at any place in said city that she should designate. Among them was an old bureau claimed to have been packed with wearing apparel and other light goods which she itemized and valued at $96.40. On the 14th of January following she sent for them, and on the next day received all that she had delivered, excepting the bureau and contents, and a small stove and pipe belonging to it, which were never found nor their loss explained.

She brought this suit before a justice of the peace to recover the value of the missing goods and also some small items for damage to others, and for board furnished to a third party at appellant's request, amounting in all, according to her account filed, to $114. Defendant failing to appear she recovered a judgment for $121.55, which was reduced in the circuit court, on his appeal, to $115.

The testimony on the part of the plaintiff as to the contents of the bureau and their value, considered by itself, is somewhat unsatisfying, while her admissions on different occasions that it contained only a few old relics of little or no value were positively sworn to by six of defendant's witnesses, of whom only one was directly contradicted except by the plaintiff herself, who denies that she ever so admitted. And she admitted on the trial that after receiving from defendant a new bureau, which she selected from a furniture store by his authority, she agreed to settle for silk enough to make a sack which she valued at $17, and the value of some fasteners for pillow shams, estimated at $2.50.

Five of the six witnesses referred to further testified that she said she would be satisfied if defendant would procure for her a bureau like the lost one, or, that after receiving it she said she was satisfied.

It is true that some circumstances are sworn to by plaintiff and her witnesses that are inconsistent with the admissions referred to, and some positive evidence was also introduced to the same effect. But it is thus apparent that there was strong testimony in support of the defense of accord and satisfaction which was urged on the trial.

Armfield v. Humphrey.

In the series of instructions given in behalf of the plaintiff, being four in number, this defense is entirely excluded from the consideration of the jury.

For example: " 5. The jury are instructed that if they believe from the evidence that plaintiff deposited the goods sued for with defendant, to be taken to his warehouse and kept for a time and returned to plaintiff, and that defendant neglected or refused to return the same to plaintiff on request but claimed the same had been lost, then defendant must pay plaintiff the value of the goods, unless he can show they were destroyed by the act of God or the public enemy—inevitable accident, as aforesaid."

This is here given because it is the briefest, but those numbered two, three and seven, respectively—being all that relate to the subject of defendant's liability in this action, except the sixth, which refers to the proposition to settle for the silk and value of the fasteners are substantial repetitions thereof.

Although a proper instruction was given for defendant in relation to the alleged accord and satisfaction by the agreement to receive and the actual acceptance of the new bureau, it may have been overborne by these.

In view of the evidence tending to show that defendant had endeavored but was unable to procure the silk before suit brought and had not repudiated the promise to procure it, we think the sixth was also faulty in telling the jury that " if he neglected to buy it for the plaintiff she would be entitled to recover."

We are of opinion also that upon the facts stated on both sides, as above set forth, the liability of the defendant was not that of a common carrier, as was held by the circuit court, but of a warehouseman. Storage was the main thing in the contemplation of the parties, and the removal of the goods to the warehouse and their return to the bailor in the same city were necessarily incident to it. They were not to be carried from one party to another, nor even from one place to another except for the reason that the warehouse was not connected with plaintiff's boarding house—a fact which was accidental. Her purpose might have been fully answered by moving them into an adjoining room and back again.

This holding, though erroneous, may not have wrought any injury to the defendant in this particular case, because if he was guilty of any want of care, it was, so far as appears, a want of ordinary care. But we are not satisfied from the evidence that substantial justice has been done, and for the error in ignoring the defense by the plaintiff's instructions above referred to, the judgment will be reversed and cause remanded.

Reversed and remanded.